UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CITY OF PONTIAC GENERAL EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>SCHWEITZER-MAUDUIT INTERNATIONAL, INC., FREDERIC P. VILLOUTREIX and PETER J. THOMPSON,<br><br>Defendants. | Civil Action No. 1:10-cv-00711-TCB<br><br><u>CLASS ACTION</u> |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE INSTITUTIONAL INVESTORS FOR APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF SELECTION OF LEAD COUNSEL**

**I.    PRELIMINARY STATEMENT**

Presently pending before this Court is a securities class action lawsuit (the "Action") brought on behalf of all those who purchased or otherwise acquired Schweitzer-Mauduit International, Inc. ("Schweitzer" or the "Company") common stock between August 5, 2009 and February 10, 2010, inclusive (the "Class Period"). The Action charges Schweitzer and certain of its officers and directors with violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange

Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. §78(j)(b) and 78(t)) and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5).

Proposed lead plaintiffs, the City of Pontiac General Employees' Retirement System and the Western Washington Laborers-Employers Pension Trust (the "Institutional Investors"), hereby move this Court for an order: (i) appointing the Institutional Investors as Lead Plaintiffs in the Action under Section 21D(a)(3)(B) of the Exchange Act; and (ii) approving the Institutional Investors' selection of the law firm of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") to serve as Lead Counsel.

This motion is made on the grounds that the Institutional Investors are the most adequate plaintiffs, as defined by the PSLRA, to represent the Class. The Institutional Investors suffered a loss of approximately $347,213 in connection with their purchases of Schweitzer common stock during the Class Period. *See* Herman Decl. Exh. B.[1]  In addition, the Institutional Investors, for the purposes of this motion,

---

[1]  References to the "Herman Decl., Exh. ___" are to the exhibits attached to the accompanying Declaration of John C. Herman in Support of the Motion of the Institutional Investors for Appointment as Lead Plaintiffs and for Approval of Selection of Lead Counsel, dated May 10, 2010 and submitted herewith.

adequately satisfy the requirements of Federal Rule of Civil Procedure 23 in that their claims are typical of the claims of the putative class and that they will fairly and adequately represent the interests of the class. Moreover, the Institutional Investors have submitted a Joint Declaration attesting to their willingness to jointly pursue this Action as fiduciaries to the class.

## II.   FACTUAL BACKGROUND

Schweitzer manufactures and sells paper and reconstituted tobacco products to the tobacco industry, as well as specialized paper products for use in other applications.

The Complaint alleges that during the Class Period, defendants issued materially false and misleading statements regarding the Company's business and financial results. Specifically, during the Class Period, defendants misrepresented the strength of Schweitzer's competitive position and concealed problems with Schweitzer's most important customer. As a result of defendants' false and misleading statements, Schweitzer's stock traded at artificially inflated prices during the Class Period, reaching a high of $82 per share on January 14, 2010. As a result of this inflation, Schweitzer was able to consummate a secondary offering of 1.8 million shares of its stock at $60 per share in November 2009.

On February 10, 2010, after the market closed, Schweitzer reported its fourth quarter and full year 2009 financial results. In the conference call following the release, defendants disclosed the Company's most important customer's decision to try competitive products and announced its filing of a patent lawsuit against competitors. As a result, Schweitzer's stock tumbled $23.58 per share to close at $46.65 per share on February 11, 2010, a one-day decline of nearly 34%, on volume of nearly 14 million shares.

According to the Complaint, the true facts, which were then known by or available to the defendants during the Class Period, were: (a) Schweitzer's competitive position was not adequately protected from foreign competition as to low ignition propensity ("LIP") paper, as such competitors were increasingly developing alternative methods to manufacture banded LIP paper; (b) the Company's most important customer was not in agreement with Schweitzer as to a license agreement between the two companies; and (c) the Company's competitive position was much more precarious than represented by defendants and the efforts by other manufacturers to invade Schweitzer's territory were growing.

### III. ARGUMENT

#### A. The Institutional Investors Should Be Appointed Lead Plaintiffs

##### 1. The Procedure Required by the PSLRA

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §§78u-4(a)(3)(A)(i). Notice regarding the pendency of this action was published on *Business Wire*, a national, business-oriented newswire service, on March 11, 2010. *See* Herman Decl. Exh. A.[2] Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §§78u-4(a)(3)(A) & (B).

---

[2] The national news wire services have been recognized as suitable vehicles for meeting the statutory requirement that notice be published "in a widely circulated national business-oriented publication or wire service." *Greebel v. FTP Software*, 939 F. Supp. 57, 62 (D. Mass. 1996) (emphasis and citations omitted).

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. §78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that
>
> (aa) has either filed the complaint or made a motion in response to a notice...
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii); *see Plymouth County Retirement Sys. v. Carter's, Inc.*, 2009 WL 692141, at *1 (N.D. Ga. Mar. 13, 2009).[3]

Moreover, the Institutional Investors, as their name suggests, are institutional investors and precisely the type of investor whose participation in securities class actions Congress sought to encourage through the enactment of the PSLRA: "Both

---

[3] Unless otherwise noted, all emphasis is added and citations omitted.

the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent classmembers." *In re Cendant Corp. Litig.*, 264 F.3d 201, 273 (3d Cir. 2001) (citing H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733); *see also Plymouth County Ret. Sys.*, 2009 WL 692141 at *3 (institutional investors are exactly the type of plaintiff contemplated by the PSLRA).

> 2. **The Institutional Investors Satisfy the "Lead Plaintiff" Requirements of the Exchange Act**
>
>> a. **The Institutional Investors Have Complied with the PSLRA and Should Be Appointed Lead Plaintiffs**

The time period in which class members may move to be appointed lead plaintiff herein under the PSLRA expires on May 10, 2010. Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice (published on March 11, 2010), the Institutional Investors timely move this Court to be appointed Lead Plaintiffs on behalf of all members of the class.

Representatives of the Institutional Investors have duly signed and filed Certifications stating that the Institutional Investors are willing to serve as the representative party on behalf of the class. *See* Herman Decl. Exh. C. In addition, the Institutional Investors have selected and retained competent counsel to represent them

and the class. *See* Herman Decl. Exh. D. Accordingly, the Institutional Investors are entitled to have their application for appointment as Lead Plaintiffs and selection of Lead Counsel considered and approved by the Court.

        **b.    The Institutional Investors Have the Requisite Financial Interest in the Relief Sought by the Class**

During the Class Period, as evidenced by, among other things, the accompanying signed Certifications, *see* Herman Decl. Exh. C, the Institutional Investors purchased Schweitzer common stock in reliance upon the materially false and misleading statements issued by the defendants and were injured thereby. In addition, the Institutional Investors incurred a substantial $347,213 loss on its transactions in Schweitzer common stock. Herman Decl. Exh. B. The Institutional Investors, thus, have a significant financial interest in this case. 15 U.S.C. §78u-4(a)(3)(B).

        **c.    The Institutional Investors Otherwise Satisfy Rule 23**

According to the PSLRA, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B). Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder

of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two — typicality and adequacy — directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the motion for class certification. *Lax v. First Merchants Acceptance Corp.*, 1997 WL 461036 (N.D. Ill. Aug. 6, 1997); *see also Plymouth County Ret. Sys*, 2009 WL 692141, at *2. The Institutional Investors satisfy both the typicality and adequacy requirements of Rule 23, thereby justifying their appointment as Lead Plaintiffs.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Fed. R. Civ. P. 23(a)(3). Typicality exists where the plaintiff's claims and the class claims "share the same 'essential characteristics as the class at large.'" *Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1279 n.14 (11th Cir. 2000). "[T]ypicality [does not] require that all putative class members share identical claims, and [it] may be satisfied even if some factual differences exist

9

between the claims of the named representatives and the claims of the class at large." *Id.*; *see also Belmont Holdings Corp. v. Suntrust Banks, Inc.*, 2009 WL 3188695, at \* 2 (N.D. Ga. Sept. 29, 2009) ("Typicality exists when a plaintiff's injury arises from or is directly related to a wrong to a class, and that wrong includes the wrong to the plaintiff."); *In re Theragenics Corp.*, 2005 F.R.D. 687, 695 (N.D. Ga. 2002) ("A sufficient nexus is established if the claims or defenses of the class and the class representative arise from the same event or pattern or practice and are based on the same legal theory.").

The Institutional Investors satisfy this requirement because, just like all other class members, they: (1) purchased Schweitzer common stock during the Class Period; (2) purchased Schweitzer common stock in reliance upon the allegedly materially false and misleading statements issued by defendants; and (3) suffered damages thereby. Thus, the Institutional Investors' claims are typical of those of other class members since their claims and the claims of other class members arise out of the same course of events and are based on the same legal theories.

Under Rule 23(a)(4), the representative parties must also "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The PSLRA directs this Court to limit its inquiry regarding the adequacy of the Institutional Investors to represent the class to the existence of any conflicts between the interests of the

Institutional Investors and the members of the class. 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa) and (bb). "The adequacy requirement is satisfied where, as here: '(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) the class members interests are not antagonistic to one another; and (3) the class has sufficient interest in the outcome of the case to ensure vigorous advocacy.'" *Miller v. Dyadic Int'l, Inc.*, 2008 WL 2465286, at *6 (S.D. Fla. Apr. 18, 2008); *see also Campos v. ChoicePoint, Inc.*, 237 F.R.D. 478, 487 (N.D. Ga. 2006) ("In evaluating the adequacy factor, the Court follows the 'general principle that adequacy of representation is primarily based on the forthrightness and vigor with which the representative party can be expected to assert and defend the interests of the class and whether plaintiffs have interests antagonistic to those of the rest of the class.'").

Here, the Institutional Investors are adequate representatives of the class. As evidenced by the injuries suffered by the Institutional Investors, which purchased Schweitzer common stock at prices allegedly artificially inflated by defendants' materially false and misleading statements, the interests of the Institutional Investors are clearly aligned with the members of the class, and there is no evidence of any antagonism between the Institutional Investors' interests and those of the other members of the class. In fact, the Institutional Investors have submitted a Joint

Declaration attesting that they have conferred with one another to discuss the status and management of this litigation, are aware of the fiduciary responsibilities required to be a lead plaintiff, and are wiling to serve as Lead Plaintiffs on behalf of other similarly situated Schweitzer investors.  Herman Decl. Exh. E.  Further, the Institutional Investors have taken significant steps which demonstrate that they will protect the interests of the class:  they have retained competent and experienced counsel to prosecute these claims.  In addition, as shown below, the Institutional Investors' proposed Lead Counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner.

Accordingly, the Institutional Investors *prima facie* satisfy the typicality and adequacy requirements of Rule 23 for the purposes of this motion.

### B. The Court Should Approve the Institutional Investors' Choice of Counsel

Pursuant to the PSLRA, the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent.  15 U.S.C. §78u-4(a)(3)(B)(v).  In this regard, the Institutional Investors have selected Robbins Geller to serve as Lead Counsel, a firm with substantial experience in the prosecution of shareholder and securities class actions in this District and elsewhere.  *See* Herman Decl., Exh. D.

Accordingly, the Court should approve the Institutional Investors' selection of counsel.

## IV. CONCLUSION

For all the foregoing reasons, the Institutional Investors respectfully request that the Court: (i) appoint the Institutional Investors as Lead Plaintiffs in the Action (ii) approve their selection of Lead Counsel as set forth herein; and (iii) grant such other relief as the Court may deem just and proper.

DATED: May 10, 2010                ROBBINS GELLER RUDMAN
                                     & DOWD LLP


                                   /s/ John C. Herman

                                   JOHN C. HERMAN
                                   Georgia Bar No. 348370
                                   3424 Peachtree Road, N.E., Suite 1650
                                   Atlanta, GA  30326
                                   Telephone:  404/504-6500
                                   404/504-6501 (fax)
                                   jherman@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
PAUL J. GELLER
JACK REISE
DOUGLAS WILENS
120 E. Palmetto Park Road, Suite 500
Boca Raton, FL  33432-4809
Telephone:  561/750-3000
561/750-3364 (fax)
pgeller@rgrdlaw.com
jreise@rgrdlaw.com
dwilens@rgrdlaw.com

[Proposed] Lead Counsel for Plaintiffs

SULLIVAN, WARD, ASHER &
  PATTON, P.C.
CYNTHIA J. BILLINGS
25800 Northwestern Highway
1000 Maccabees Center
Southfield, MI  48075-1000
Telephone:  248/746-0700
248/746-2760 (fax)

Additional Counsel for Plaintiffs

## Local Rule 7.1D Certification

Counsel for the Institutional Investors hereby certifies that the text of this memorandum has been prepared with Times New Roman 14 point, one of the fonts and point selections approved by the Court in Local Rule 5.1B.

                                    ROBBINS GELLER RUDMAN
                                        & DOWD LLP

                                        s/ John C. Herman
                              JOHN C. HERMAN
                              Georgia Bar No. 348370
                              3424 Peachtree Road, N.E., Suite 1650
                              Atlanta, GA  30326
                              Telephone:  404/504-6500
                              404/504-6501 (fax)
                              jherman@rgrdlaw.com

**Local Rule 23.1(C)(4)(c) Certification**

John C. Herman, counsel for the Institutional Investors, being duly sworn, hereby certifies that pursuant to LR 23.1(C)(4)(c), Robbins Geller Rudman & Dowd LLP:

(i)   has not issued or caused to be issued more than one (1) notice to putative class members (except as authorized by LR 23.1(C)(4)(a)(iii));

(ii)  has complied with the Local Rules of this Court; and

(iii) has complied with applicable State Bar of Georgia ethical rules.

I certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge this 10th day of May, 2010.

ROBBINS GELLER RUDMAN
  & DOWD LLP

s/ John C. Herman
JOHN C. HERMAN
Georgia Bar No. 348370
3424 Peachtree Road, N.E., Suite 1650
Atlanta, GA  30326
Telephone:  404/504-6500
404/504-6501 (fax)
jherman@rgrdlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 10, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

                                          s/ John C. Herman
                                          JOHN C. HERMAN