# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| CITY OF PONTIAC GENERAL EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:10-CV-0711-TCB |
| | <u>CLASS ACTION</u> |
| Plaintiff, | **MOTION OF PENSION TRUST FUND FOR OPERATING ENGINEERS FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPOINTMENT OF LEAD AND LIAISON COUNSEL AND MEMORANDUM IN SUPPORT** |
| vs. | |
| SCHWEITZER-MAUDUIT INTERNATIONAL, INC., FREDERIC P. VILLOUTREIX and PETER J. THOMPSON, | |
| Defendants. | |

## **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ...............................................................................ii-iii

MOTION.............................................................................................................1

MEMORANDUM OF LAW ................................................................................2

I.   PRELIMINARY STATEMENT ..................................................................2

II.  STATEMENT OF FACTS ..........................................................................4

III. ARGUMENT................................................................................................7

    A.  Operating Engineers Should Be Appointed Lead
        Plaintiff.............................................................................................8

        1.  Operating Engineers Has The Largest
            Financial Interest In The Relief Sought.....................................8

        2.  Operating Engineers Otherwise Satisfies
            The Requirements Of Rule 23 ....................................................9

    B.  The Court Should Approve Operating Engineers'
        Selection Of Counsel.......................................................................12

IV.  CONCLUSION...........................................................................................14

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Andrews v. AT&T Co.*,
  95 F.3d 1014 (11th Cir. 1996) ..............................................................9

*Belmont Holdings Corp. v. Suntrust Banks, Inc.*,
  2009 U.S. Dist. LEXIS 92231 (N.D. Ga. Sept. 29, 2009) ....................9

*In re Cavanaugh*,
  306 F.3d 726 (9th Cir. 2002) ...........................................................8, 9

*City of Pompano Beach Gen. Empl. Ret. Syst. v. Synovus Fin. Corp.*,
  2009 U.S. Dist. LEXIS 112014 (N.D. Ga. Dec. 1, 2009) ....................8

*In re Piedmont Office Trust, Inc. Sec. Litig.*,
  264 F.R.D. 693 (N.D. Ga. 2010) .......................................................10

*Plymouth County Ret. Sys. v. Carter's Inc.*,
  2009 U.S. Dist. LEXIS 20582 (N.D. Ga. Mar. 13, 2009) ...................11

STATUTES, RULES & REGULATIONS

15 U.S.C. § 78j(b) ....................................................................................2

15 U.S.C. §78t ..........................................................................................2

15 U.S.C. § 78u-4(a)(3)(A) .......................................................................7

15 U.S.C. § 78u-4(a)(3)(B) .......................................................................8

15 U.S.C. § 78u-4(a)(3)(B)(i) ....................................................................3

15 U.S.C. § 78u-4(a)(3)(B)(iii) ..................................................................8

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ..............................................................3

15 U.S.C. § 78u-4(a)(3)(B)(v) ...............................................................1, 12

17 C.F.R. § 240.10b-5 ...............................................................................2

H.R. Conf. Rep. No. 104-369, 104th Cong. 1st Sess. (1995), reprinted in
　　1995 U.S.C.C.A.N. 679, 690 ...............................................................................9

Federal Rules of Civil Procedure
　　Rule 23 ...............................................................................................2, 7, 8

## MOTION

COMES NOW the Pension Trust Fund for Operating Engineers ("Operating Engineers" or "Movant") and hereby moves this Court for an Order: (1) appointing Operating Engineers as Lead Plaintiff pursuant to 15 U.S.C. § 78u-4, *et seq*.; and (2) approving its selection of Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") as Lead Counsel for the Class and Chitwood Harley Harnes LLP ("Chitwood Harley Harnes") as Liaison Counsel.

This Motion is made on the grounds that Operating Engineers timely filed this Motion, and is the "most adequate plaintiff" by virtue of possessing the largest financial interest in the relief sought by the Class.  Operating Engineers also meets the requirements of Rule 23 of the Federal Rules of Civil Procedure because its claims are typical of the claims of the other members of the Class, and Operating Engineers will fairly and adequately represent the Class.

Further, pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), Operating Engineers seeks this Court's approval of its selection of Bernstein Litowitz – an experienced and leading securities class action law firm that has successfully prosecuted securities class actions around the country – to serve as Lead Counsel for the Class, and its selection of Chitwood Harley Harnes to serve as Liaison Counsel.

## MEMORANDUM OF LAW

Operating Engineers respectfully submits this memorandum in support of its motion: (1) to be appointed as Lead Plaintiff, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (2) for approval of its selection of the law firm of Bernstein Litowitz as Lead Counsel for the Class, and Chitwood Harley Harnes as Liaison Counsel.

I.    PRELIMINARY STATEMENT

Currently pending in this District is the above-captioned class action (the "Action") brought on behalf of all persons who purchased securities of Schweitzer-Mauduit International, Inc. ("Schweitzer-Mauduit" or the "Company") between August 5, 2009 and February 10, 2010 (the "Class Period").  The Action alleges violations of Sections 10(b) and 20(a) of the Exchange Act as amended by the PSLRA (15 U.S.C. §§ 78j(b) and 78t), and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5), against Schweitzer-Mauduit and its executive officers, Frederic P. Villoutreix and Peter J. Thompson.  The Action was filed on March 11, 2010, by shareholder City of Pontiac General Employees' Retirement System ("City of Pontiac").  On March 11, 2010, the City of Pontiac published notice of

the pendency of the Action to investors, which provided a deadline to seek Lead Plaintiff status by May 10, 2010.[1]

Pursuant to the PSLRA, this Court must appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court is required to determine which movant has the "largest financial interest" in the relief sought by the class in this litigation and also makes a *prima facie* showing that it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). For the reasons set forth below, Operating Engineers believes that it is the "most adequate plaintiff" by virtue of its significant financial interest in Schweitzer-Mauduit securities. Specifically, Operating Engineers incurred losses of $216,779.22 in connection with its purchases of Schweitzer-Mauduit securities during the Class Period.[2] Operating Engineers further satisfies the relevant requirements of Rule 23 of the

---

[1] A copy of the City of Pontiac's notice is attached as Exhibit A to the Declaration of Krissi T. Gore in Support of the Motion of the Pension Trust Fund for Operating Engineers for Appointment as Lead Plaintiff and for Approval of Lead and Liaison Counsel (herein, the "Gore Decl.").

[2] A copy of the PSLRA-required Certification of Operating Engineers is attached as Exhibit B to the Gore Decl. In addition, a chart setting forth calculations of Operating Engineers' losses is attached as Exhibit C to the Gore Decl.

Federal Rules of Civil Procedure, as its claims are typical of the other members of the Class, and it will fairly and adequately represent the Class.

Operating Engineers has experience serving in a fiduciary capacity and conducting and supervising counsel in complex securities litigation, and is therefore a paradigmatic Lead Plaintiff under the PSLRA. Lastly, Operating Engineers has selected Bernstein Litowitz, a law firm with substantial experience in prosecuting securities class actions, to serve as Lead Counsel for the Class, and Chitwood Harley Harnes to serve as Liaison Counsel. Accordingly, Operating Engineers respectfully requests that the Court appoint it as Lead Plaintiff and otherwise grant its motion.

## II.    STATEMENT OF FACTS

Schweitzer-Mauduit, founded in 1995 and based in Alpharetta, Georgia, manufactures and sells paper and reconstituted tobacco products to the tobacco industry, as well as specialized paper products for use in other applications. The company primarily sells cigarette wrapping paper, including plug wrap and base tipping papers; reconstituted tobacco leaf, which is used to blend with virgin tobacco in cigarettes; and reconstituted wrappers and binders for cigars. Schweitzer-Mauduit sells these products directly to tobacco companies or their designated converters. In addition to its tobacco industry products, the Company

also offers a diverse mix of paper-related products, including engineered papers and commodity paper grades produced to enhance machine operations.

Schweitzer-Mauduit's financial results are significantly driven by sales of its reconstituted tobacco products and cigarette paper for "lower ignition propensity," or "LIP," cigarettes, which are designed to burn slower than cigarettes utilizing conventional paper. Accordingly, a significant change in sales or production volume, pricing or manufacturing costs of these LIP products would likely have a material impact on the Company's financial results. Furthermore, the Company's sales are concentrated to a limited number of customers, with its four largest customers responsible for 56% of the Company's sales in 2009. As follows, the loss of one or more of these customers, or even a significant reduction in one or more of these customers' purchases, would have an adverse effect on Schweitzer-Mauduit's financial results.

Notwithstanding its reliance on its LIP products and its limited customer base, Schweitzer-Mauduit repeatedly assured investors that it was well positioned in the market. Specifically, throughout the Class Period, Schweitzer-Mauduit represented to investors that it was able to maintain a competitive advantage with regards to its LIP products as a result of its "comprehensive patent portfolio" and commercially proven product. The Company also touted its contract with tobacco-

giant Philip Morris USA, Inc. ("Philip Morris") to serve as Philip Morris's "sole supplier of the co-developed, on-line banded cigarettes paper technology (MOD) used to produce low ignition propensity (LIP) cigarettes."

On February 10, 2010, Schweitzer-Mauduit issued its financial results for the fourth quarter and year-end 2009, including a 4% decrease in net sales from the prior year. In addition to these disappointing results, the Company revealed an on-going dispute with Philip Morris involving the way that Schweitzer-Mauduit calculated costs for banded cigarette papers under a "cost-plus" based contract for the product. As of December 31, 2009, the disputed amount equaled approximately $9 million, but the Company warned that an unfavorable resolution of the dispute "could have a material adverse effect" on the Company's financial results. On a conference call with analysts that same day, Schweitzer-Mauduit's CEO, Frederic Villoutreix revealed further that Philip Morris informed the Company of its intention to use a competing LIP product paper "as a commercial alternative" to Schweitzer-Mauduit's product on a low-cost Philip Morris brand. Villoutreix's announcement shocked investors by revealing that Philip Morris was not bound by an exclusive supplier contract, as represented by the Company. In addition, investors were surprised to learn that Schweitzer-Mauduit's competitors

were able to offer a competing LIP product in the United States, considering the strong patent protections touted by the Company.

As a result of the February 10, 2010 disclosure, the price per share of Schweitzer-Mauduit stock fell $23.58, or 34%, from its previous close of $70.23 to $46.65, on extraordinarily high volume.

Following the Company's February 10, 2010 disclosure, Schweitzer-Mauduit announced that it had filed a patent infringement action in the United States District Court for the District of South Carolina against certain manufacturers and sellers of LIP cigarette paper. This action would directly impact efforts by Philip Morris and other tobacco companies to seek commercial alternatives to Schweitzer-Mauduit's LIP products. As explained by Schweitzer-Mauduit on February 12, 2010, Philip Morris's contract with Schweitzer-Mauduit allows it to develop or explore such alternatives to their MOD technology for their LIP needs – a fact unknown to investors during the Class Period.

III.    ARGUMENT

The PSLRA permits any member of the class to move for appointment as Lead Plaintiff within 60 days of the publication of notice that the first action asserting substantially the same claims has been filed. *See* 15 U.S.C. § 78u-4(a)(3)(A). Operating Engineers satisfies this deadline by making this motion.

A.    Operating Engineers Should Be
      Appointed Lead Plaintiff

Operating Engineers respectfully submits that it should be appointed Lead Plaintiff because it is the movant "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA establishes a presumption that the "most adequate plaintiff" is the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *Id.*; *see also In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002); *City of Pompano Beach Gen. Empl. Ret. Syst. v. Synovus Fin. Corp.*, No. 09 Civ. 3069, 2009 U.S. Dist. LEXIS 112014, at *6 (N.D. Ga. Dec. 1, 2009).

1.    Operating Engineers Has The Largest
      Financial Interest In The Relief Sought

Operating Engineers should be appointed Lead Plaintiff because it believes it has the largest financial interest in the relief sought by the Class. 15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also Cavanaugh*, 306 F.3d at 730. As demonstrated herein, Operating Engineers has sustained losses of approximately $216,779.22 from its transactions in Schweitzer-Mauduit securities. *See* Gore Decl., Exhibits B and C. To the best of Operating Engineers' knowledge, there are no other applicants who have sought, or are seeking, appointment as Lead Plaintiff that have a larger

-8-

financial interest arising from transactions in Schweitzer-Mauduit securities. Accordingly, Operating Engineers believes that it has the largest financial interest of any qualified movant seeking appointment as Lead Plaintiff.

### 2. Operating Engineers Otherwise Satisfies The Requirements Of Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, Operating Engineers also satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. On a motion to serve as Lead Plaintiff, the movant must only make a preliminary showing that it satisfies the typicality and adequacy requirements of Federal Rule of Civil Procedure 23. *See Cavanaugh*, 306 F.3d at 732; *see also Belmont Holdings Corp. v. Suntrust Banks, Inc.*, No. 09 Civ. 1185, 2009 U.S. Dist. LEXIS 92231, at *10 (N.D. Ga. Sept. 29, 2009) (citing *Cavanaugh*). Here, Operating Engineers unquestionably satisfies both requirements.

Operating Engineers' claims are typical of the claims of other purchasers of Schweitzer-Mauduit securities. Generally, typicality "exists when a plaintiff's injury arises from or is directly related to a wrong to a class, and that wrong includes the wrong to the plaintiff." *Andrews v. AT&T Co.*, 95 F.3d 1014, 1022 (11th Cir. 1996); *accord Suntrust Banks*, 2009 U.S. Dist. LEXIS 92231 at *10. Operating Engineers' claims in this action arise from the very same course of

conduct as the claims of the other members of the Class: (1) the purchase of Schweitzer-Mauduit securities during the Class Period; (2) at prices allegedly artificially inflated by defendants' materially false and misleading statements and/or omissions; and (3) being damaged thereby. *See In re Piedmont Office Trust, Inc. Sec. Litig.*, 264 F.R.D. 693 (N.D. Ga. 2010).

Operating Engineers likewise satisfies the adequacy requirement of Rule 23. Under Rule 23(a)(4), the representative parties must fairly and adequately protect the interests of the class. This requirement is "satisfied if there is no conflict of interest between the representative and the class and if it is evident that the representative will adequately pursue prosecution of the lawsuit." *Suntrust Banks*, 2009 U.S. Dist. LEXIS 92231 at *11. Operating Engineers easily satisfies the elements of the adequacy requirement. Operating Engineers' interests are perfectly aligned with those of the other members of the Class and are not antagonistic in any way. Furthermore, there are no facts suggesting that any actual or potential conflict of interest or other antagonism exists between Operating Engineers and other Class members. Operating Engineers submitted a Certification affirming its understanding of the duties owed to Class members through its commitment to oversee the prosecution of this class action. *See* Gore Decl., Exhibit B. Through

its Certification, Operating Engineers accepts the fiduciary obligations it will assume if appointed Lead Plaintiff in this action.  *Id*.

Moreover, Operating Engineers is a classic example of the sort of Lead Plaintiff envisioned by Congress in its enactment of the PSLRA – a sophisticated institutional investor with a real financial interest in the litigation.  *See* H.R. Conf. Rep. No. 104-369, at 34, 104th Cong. 1st Sess. (1995), reprinted in 1995 U.S.C.C.A.N. 679, 690 (explaining that "increasing the role of institutional investors in class actions will ultimately benefit the class and assist the courts" by improving the quality of representation in securities class actions); *see also Plymouth County Ret. Sys. v. Carter's Inc.*, No. 09 Civ. 2940, 2009 U.S. Dist. LEXIS 20582, at *8 (N.D. Ga. Mar. 13, 2009).

Operating Engineers is an employee benefit plan that administers the employee benefits program for over 40,000 participants of the International Union of Operating Engineers (I.U.O.E.) throughout its jurisdiction of Northern California, Northern Nevada, Utah, Hawaii, Wyoming and South Dakota, and their dependants and beneficiaries.  Operating Engineers represents a diverse group of employees in both the public and private sectors.  Operating Engineers has a staff of professionals devoted to providing its members with quality representation in

the areas of contract negotiations, pension and trust fund management, and financial services.

Finally, Operating Engineers has demonstrated its adequacy through the selection of Bernstein Litowitz and Chitwood Harley Harnes to represent the Class. As discussed more fully below, Bernstein Litowitz is highly qualified and experienced in the area of securities class action litigation and has repeatedly demonstrated an ability to conduct complex securities class action litigation effectively.

### B. The Court Should Approve Operating Engineers' Selection Of Counsel

The Court should approve Operating Engineers choice of Bernstein Litowitz as Lead Counsel and Chitwood Harley Harnes as Liaison Counsel. Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), a movant shall, subject to Court approval, select and retain counsel to represent the class they seek to represent.

Bernstein Litowitz is among the preeminent securities class action law firms in the country, having been appointed sole or co-lead counsel in numerous complex securities class actions around the country. *See* Bernstein Litowitz's Firm Biography attached as Exhibit D to the Gore Decl. Chitwood Harley Harnes, located in this District, is also among the preeminent securities class action law

firms in the country.  *See* Chitwood Harley Harnes's Firm Biography attached as Exhibit E to the Gore Decl.

Of note, Bernstein Litowitz served as co-lead counsel in *In re WorldCom, Inc. Securities Litigation* (S.D.N.Y.), in which settlements totaling in excess of $6 billion – one of the largest recoveries in securities class action history – were obtained for the class.  Bernstein Litowitz also served as co-lead counsel in *In re McKesson HBOC, Inc. Securities Litigation* (N.D. Cal.), in which Bernstein Litowitz helped obtain a $960 million settlement from the issuer defendant and an additional $72 million from the defendant auditor and $10 million from the investment banking defendant.  Other recent cases in which Bernstein Litowitz has been appointed lead or co-lead counsel include, for example, *In re Bank of America Securities Litigation* (S.D.N.Y.) and *In re Refco, Inc. Securities Litigation* (S.D.N.Y.). *See* Gore Decl. at Exhibit D.  In addition, Bernstein Litowitz and Chitwood Harley Harnes have worked together on many cases in the past and are currently serving as co-lead counsel in *In re Maxim Integrated Products, Inc. Securities Litigation*, C-08-00832-JW (N.D. Cal).  Finally, Chitwood Harley Harnes has served as sole lead or co-lead counsel for the class in the top five securities fraud class action recoveries in this District.  *See* Gore Decl. at Exhibit E.

Accordingly, the Court should approve Operating Engineers' selection of Bernstein Litowitz as Lead Counsel for the Class and Chitwood Harley Harnes as Liaison Counsel.

## IV.    CONCLUSION

For the reasons explained above, Operating Engineers is the "most adequate plaintiff" under the PSLRA.  Operating Engineers, with losses of $216,779.22, has the "largest financial interest" arising out of the purchase of Schweitzer-Mauduit securities and satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure as an adequate class representative with claims typical of the other purchasers of Schweitzer-Mauduit securities.  Accordingly, Operating Engineers respectfully requests that the Court: (1) appoint Operating Engineers as Lead Plaintiff; and (2) approve the selection of Bernstein Litowitz to serve as Lead Counsel and Chitwood Harley Harnes to serve as Liaison Counsel.  A proposed order is attached hereto as Exhibit 1.

Dated: May 10, 2010                   Respectfully submitted,

                                      CHITWOOD HARLEY HARNES LLP


                                         s/ Krissi T. Gore
                                      MARTIN D. CHITWOOD
                                      Georgia Bar No. 124950
                                      KRISSI T. GORE
                                      Georgia Bar No. 687020

-14-

2300 Promenade II
1230 Peachtree Street, NE
Atlanta, GA 30309
Tel:    (404) 873-3900
Fax:    (404) 876-4476
mchitwood@chitwoodlaw.com
kgore@chitwoodlaw.com

*Proposed Liaison Counsel for the Class*

BERNSTEIN LITOWITZ BERGER
   & GROSSMANN LLP
BLAIR A. NICHOLAS
IAN D. BERG
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:    (858) 793-0070
Fax:    (858) 793-0323
blairn@blbglaw.com
ianb@blbglaw.com

*Attorneys for Pension Trust Fund for
Operating Engineers and Proposed Lead
Counsel for the Class*

## Local Rule 23.1(C)(4)(c) Certification

Krissi T. Gore, counsel for the Pension Trust Fund for Operating Engineers, being duly sworn, hereby certifies that pursuant to LR 23.1(C)(4)(c), Chitwood Harley Harnes LLP:

i)      has not issued or caused to be issued more than one (1) notice to putative class members (except as authorized by LR 23.1(C)(4)(a)(iii));

ii)     has complied with the Local Rules of this Court; and

iii)    has complied with applicable State Bar of Georgia ethical rules.

I certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge this 10th day of May, 2010.

s/ Krissi T. Gore
KRISSI T. GORE
Georgia Bar No. 687020
Attorney for the Pension Trust Fund for
Operating Engineers
CHITWOOD HARLEY HARNES LLP
2300 Promenade II
1230 Peachtree Street, NE
Atlanta, GA 30309
Tel:    (404) 873-3900
Fax:    (404) 876-4476
kgore@chitwoodlaw.com

## Local Rule 23.1(C)(4)(c) Certification

Blair A. Nicholas, counsel for the Pension Trust Fund for Operating

Engineers, being duly sworn, hereby certifies that pursuant to LR 23.1(C)(4)(c),

Bernstein Litowitz Berger & Grossmann LLP:

i)      has not issued or caused to be issued more than one (1) notice to

        putative class members (except as authorized by LR

        23.1(C)(4)(a)(iii));

ii)     has complied with the Local Rules of this Court; and

iii)    has complied with applicable State Bar of Georgia ethical rules.

I certify under penalty of perjury that the foregoing is true and correct to the

best of my knowledge this 10th day of May, 2010.

BLAIR A. NICHOLAS
Attorney for the Pension Trust Fund for
Operating Engineers
BERNSTEIN LITOWITZ BERGER
    & GROSSMANN LLP
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:   (858) 793-0070
Fax:   (858) 793-0323
blairn@blbglaw.com

## <u>Local Rule 7.1D Certification</u>

Counsel for Plaintiff hereby certifies that the text of this memorandum has been prepared with Times New Roman 14 point, one of the fonts and point selections approved by the Court in Local Rule 5.1B.


      s/ Krissi T. Gore

KRISSI T. GORE
Georgia Bar No. 687020
Attorney for the Pension Trust Fund for
Operating Engineers
CHITWOOD HARLEY HARNES LLP
2300 Promenade II
1230 Peachtree Street, NE
Atlanta, GA 30309
Tel:   (404) 873-3900
Fax:   (404) 876-4476
kgore@chitwoodlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 10, 2010, I electronically filed the within and foregoing "**MOTION OF PENSION TRUST FUND FOR OPERATING ENGINEERS FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPOINTMENT OF LEAD AND LIAISON COUNSEL AND MEMORANDUM IN SUPPORT**" with the Clerk of the Court using the CM/ECF system that will automatically send e-mail notification of such filing to all attorneys of record.

This 10th day of May, 2010.

   s/ Krissi T. Gore
Georgia Bar No. 687020
**Proposed Liaison Counsel for the Class**

**Chitwood Harley Harnes LLP**
2300 Promenade II
1230 Peachtree Street, NE
Atlanta, GA  30309
Tel:  (404) 873-3900
Fax: (404) 876-4476